**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FOTOHAUS, LLC,<br>75 North Woodward Avenue, #80228<br>Tallahassee, FL 32313 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | |
| ADVANCED PLAN FOR HEALTH, L.L.C.,<br>1500 Solana Boulevard, Building 3<br>Roanoke, TX 76262 | : | COMPLAINT AND JURY<br>DEMAND |
| | : | |
| Defendant. | : | |
| | : | |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, FOTOHAUS, LLC ("Fotohaus" or "Plaintiff"), brings this complaint in the

United States District Court for the District of Columbia against ADVANCED PLAN FOR

HEALTH, L.L.C. ("Advanced" or "Defendant"), alleging as follows:

PARTIES

1. Plaintiff is a limited liability company existing under the laws of the State of Florida, with an
   office located in Tallahassee, Florida.

2. On information and belief, Defendant is a Limited Liability Company existing under the
   laws of the state of Texas, with headquarters in Irving, Texas. Defendant is a group of health
   care professionals who manage risk an optimize health care benefits and costs. Defendant
   owns, operates, and is solely responsible for the contents on the website,
   www.mypoindexter.com.

## JURISDICTION AND VENUE

3.  This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

4.  This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

5.  This Court has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) because Defendant regularly does and solicits business, engages in persistent course of conduct, and derives substantial revenue from services rendered in the District of Columbia.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

6.  Daniel Foster ("Foster") captured the photograph, "Drugs" ("Copyrighted Photograph") on August 27, 2014 in Berlin, Germany. [Exhibit 1].

7.  On or about September 1, 2014, Foster posted Copyrighted Photograph to www.flickr.com/photos/danielfoster/15097483625 (Last visited February 10, 2019). [Exhibit 2].

8.  Foster registered Copyrighted Photograph with the United States Copyright Office on September 30, 2014 (Registration No.: VA 1-937-085). [Exhibit 3].

9.  Foster assigned the copyright to Copyrighted Photograph to Fotohaus on March 8, 2017.

10. Beginning on or about June 1, 2017, Defendant copied and posted Copyrighted Photograph to the Defendant's commercial website, www.mypoindexter.com (Last visited December 19, 2017).

11. Defendant posted Copyrighted Photograph to the following URL:

    • www.mypoindexter.com/index.cfm/news-events/blog/analytics-group-benefits-design-and-the-battle-against-addiction (Last visited December 19, 2017). [Exhibit 4].

12. Beginning on or about June 1, 2017, Defendant posted Copyrighted Photograph to Defendant's LinkedIn page:

- www.linkedin.com/feed/update/urn:li:activity:6278950197728985088 (Last visited December 19, 2017). [Exhibit 5].

13. Beginning on or about June 1, 2017, Defendant posted Copyrighted Photograph to Defendant's Twitter page:

- www.twitter.com/APH_PoinD/status/872493524356411393 (Last visited December 19, 2017). [Exhibit 6].

COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

14. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

15. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights.

16. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Photograph to the public.

17. Plaintiff is informed and believes Defendant, without the permission or consent of Plaintiff, copied and used Copyrighted Photograph on Defendant's commercial website, www.mypoindexter.com, as well as Defendant's Twitter and LinkedIn pages. In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

18. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

19. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual or statutory damages, including any profits realized by Defendant attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendant's infringement of Copyrighted Photograph.

### COUNT II: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. § 1202

20. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before displaying Copyrighted Photograph on Defendant's public website www.mypoindexter.com, as well as Defendant's Twitter and LinkedIn pages. In doing so, Defendant violated 17 U.S.C. § 1202(a)(1) and (b)(1).

21. As a result of Defendant's actions, Plaintiff is entitled to actual damages or statutory damages pursuant to 17 U.S.C. § 1203(c). Plaintiff is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C.   Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyright or such damages as are proper, and since Defendant intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

D.   Awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial;

E.   Awarding Plaintiff his costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F.   Awarding Plaintiff such other and further relief as is just and proper.


<u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.


Dated: February 20, 2019

__/s/__*David C. Deal*_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
david@daviddeal.com
*Counsel for Plaintiff*

EXHIBIT 1



EXHIBIT 2



## EXHIBIT 3



**Copyright**
United States Copyright Office

| Help | Search | History | Titles | Start Over |

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Builder = (daniel foster)[ in Name Claimant ]
Search Results: Displaying 4 of 112 entries

previous  next

Labeled View

*Group Registration Photos, Daniel Foster, published July 5, 2014 to...*

**Type of Work:** Visual Material
**Registration Number / Date:** VA0001937085 / 2014-09-30
**Application Title:** Group Registration Photos, Daniel Foster, published July 5, 2014 to September 28, 2014; 52 photos.
**Title:** Group Registration Photos, Daniel Foster, published July 5, 2014 to September 28, 2014; 52 photos.
**Description:** Electronic file (eService)
**Copyright Claimant:** Daniel Foster. Address: 9004 Pink Pearl Court, Shreveport, LA, 71115, United States.
**Date of Creation:** 2014
**Date of Publication:** 2014-07-05
**Nation of First Publication:** United States
**Authorship on Application:** Daniel Foster; Citizenship: United States. Authorship: photograph(s)
**Rights and Permissions:** Daniel Foster, danielfoster437@gmail.com
**Copyright Note:** C.O. correspondence.
　　　　　　　　　　　Regarding publication: date range: 7/5- 9/28/2014.
**Contents:** Afternoon Coffee, Sep. 27, 2014.
　　　　　　　Architecture of the Future, Aug. 17, 2014.
　　　　　　　Bees in a Bottle, Aug. 26, 2014.
　　　　　　　Berlin Night, Aug. 28, 2014.
　　　　　　　Berlin Tourist, Aug. 8, 2014.
　　　　　　　Berlin U-Bahn, Aug. 8, 2014.
　　　　　　　Birds in the Sky, Aug. 3, 2014.
　　　　　　　Checking a Map, Aug. 8, 2014.
　　　　　　　Conchita Wurst, Aug. 24, 2014.
　　　　　　　Construction Site, Jul. 5, 2014.
　　　　　　　Cooking Food, Aug. 5, 2014.
　　　　　　　Copyright Registration Certificate, Sep. 28, 2014.
　　　　　　　Creative Dreaming, Sep. 6, 2014.
　　　　　　　Drinking Juice, Jul. 19, 2014.
　　　　　　　Drinks in the Fridge, Aug. 27, 2014.
　　　　　　　Drugs, Aug. 31, 2014.
　　　　　　　Eating a Veggie Burger, Jul. 19, 2014.
　　　　　　　Fabrik 1, Aug. 14, 2014.
　　　　　　　Factory, Aug. 14, 2014.
　　　　　　　Factory / Industry, Aug. 12, 2014.
　　　　　　　Factory Window, Aug. 12, 2014.
　　　　　　　Factory Windows, Aug. 12, 2014.
　　　　　　　Food in Mouth, Jul. 28, 2014.

http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=4&ti=1,4&SAB1=daniel%20foster&BOOL1=all%20of%20these&FLD1=Name%20Claimant%20%20%28...　　1/2

EXHIBIT 4



## Analytics, Group Benefits Design and The Battle Against Addiction

by Advanced Plan for Health





It's no secret, every great war general knows that knowledge is power. In the fight against diseases that ravage a health plan, data is knowledge. The days when data analytics was viewed as an emerging trend, and its benefits known to only a select few are over. Today, cost-effective group benefits design relies heavily on a vast accumulation of insight derived from individualized data reporting.



EXHIBIT 5



EXHIBIT 6

